Steven W. Ritcheson (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd., # 503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
Email: swritcheson@insightplc.com

Jacqueline K. Burt (*pro hac vice* to be filed)
**INSIGHT, PLC**
860 Johnson Ferry Rd., Suite 140-176
Atlanta, GA 30342
Telephone: (770) 990-9982
Facsimile: (678) 802-1877
jburt@insightplc.com

*Attorney for Plaintiff*
www.ai.law Corp.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WWW.AI.LAW CORP., an Ohio corporation, | Case No. _____ |
| Plaintiff, | |
| vs. | **PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** |
| BUTLER LABS INC., dba EVE LEGAL, a Delaware corporation, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff www.ai.law Corp. (the "Plaintiff" or "AI.Law") files this Complaint against Defendant Butler Labs Inc., (hereinafter, "Defendant" or "Butler" or "Eve Legal") based upon Plaintiff's personal knowledge, publicly disclosed data, investigation, information, and belief, and in support hereof shows unto the Court the following:

### INTRODUCTION

1.      This is a patent infringement case about the technical architecture that makes AI-generated documents commercially viable. Plaintiff AI.Law invented and patented a method and product for using artificial intelligence to transform unstructured materials into long-form, properly formatted documents, and the United States Patent and Trademark Office issued U.S. Patent No. 12,461,932 to AI.Law on November 4, 2025.

2.      Defendant Butler Labs Inc., doing business as Eve Legal, operates a competing AI legal technology platform that cannot deliver the multi-page complaints, discovery responses, and medical chronologies it advertises without practicing the technical methods claimed in the '932 Patent. AI.Law put Eve Legal on notice of the '932 Patent and its infringement by Federal Express on May 18, 2026 and by follow up U.S. Mail correspondence on June 1, 2026, but it did not substantively respond (**Exhibits A, B**), and Eve Legal has continued its infringement. AI.Law brings this action to recover damages, enjoin further infringement, and obtain enhanced damages for Eve Legal's willful conduct.

### PARTIES

3.      Plaintiff AI.Law is an Ohio corporation with its principal place of business at 485 Metro Place South, Suite 300 Dublin, OH 43017.  The company provides a litigation technology platform designed for legal professionals to automate document drafting, summarize large volumes of records in minutes, and analyze files with AI-powered tools.

4.     AI.Law's platform features over 30 Artificial Intelligence ("AI")-powered litigation tools and focuses on accelerating tasks like drafting motions and demand letters while providing clickable, cited sources for every AI-generated claim.

5.     Plaintiff marks its website, www.ai.law, with the number of the patent-in-suit identified below.

6.     Defendant Butler Labs Inc. is a Delaware company with its regular and established principal place of business in California at its address located at 71 E 3rd Ave, San Mateo, California 94401.

7.     Defendant does business as "Eve Legal," and makes, uses, sells, offers for sale, and/or imports a platform, accessible at www.eve.legal, that purports to automate case intake, document drafting, medical chronology generation, and discovery for law firms.

8.     Butler may be served with Summons and a copy of this Complaint by delivering the same to its registered agent Jayanth Madheswaran at 71 E 3rd Ave, San Mateo, California, 94401.

### JURISDICTION AND VENUE

9.     This action arises under the Patent Act, 35 U.S.C. § 101 *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  Accordingly, this Court has federal question jurisdiction pursuant to 35 U.S.C § 281.  This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     Venue is proper in this Court pursuant to 28 U.S.C. 1400(b).

11.     This Court has personal jurisdiction over Defendant because:  Defendant has minimum contacts within the State of California and in the Northern District of California; Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Northern District of California; Defendant has sought protection and benefit from the laws of the State of California; Defendant regularly and continuously conducts business in this District and have infringed and/or induced infringement, and continue to do so, in this District and Plaintiff's causes of

action arise directly from Defendant's business contacts and other activities in the State of California and in the Northern District of California.  In addition, this Court has personal jurisdiction over Defendant because minimum contacts have been established with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

12. Defendant, directly and/or through its intermediaries, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of California, and the Northern District of California.

13. Defendant has committed patent infringement in the State of California and in the Northern District of California.

14. Defendant solicits customers in the State of California and in this District.

15. Defendant has customers who are residents of the State of California and this District and who use Defendant's product(s) in the State of California and in this District.

### THE ACCUSED SYSTEM

16. This case involves claims of patent infringement under the Patent Act, 35 U.S.C. § 101 *et seq.* based on Defendant's making, use, offering for sale and sales of its AI-powered platform designed for plaintiff law firms, automating case intake, evaluation, document drafting, and litigation tasks to increase productivity (the "Eve Legal Accused System").

17. The Eve Legal Accused System relate to Defendant's "Eve" AI platform, which Defendant makes available to customers and potential customers through Defendants webpage and/or related online portal at www.eve.legal.

18. The Eve Legal Accused System was purportedly made to allow legal professionals to "streamline casework" through the use of large language models such as "Claude," "Grok," and "ChatGPT" among others.

**THE PATENT-IN-SUIT**

19.    AI.Law is the assignee of United States Patent No. 12,461,932 (the "Patent-in-Suit" or "'932 Patent"), entitled *"Method and System for Transforming Data Using Artificial Intelligence to Generate Content"* that issued on November 4, 2025, and possesses all right, title, and interest in the Patent-in-Suit, including the right to enforce the Patent-in-Suit, the right to license the Patent-in-Suit, and the right to sue Defendant for infringement and recover past damages, as described below.

20.    The '932 Patent was duly and legally issued by the United States Patent and Trademark Office after full and fair examination and thus is presumed valid.

21.    The Patent-in-Suit claims specific technological improvements to the way content is generated by transforming data using artificial intelligence.

22.    According to the '932 Patent, digital content (e.g., documents, videos, audio, etc.) are conventionally displayed via a computing device, such as a smartphone, laptop or desktop computer, television, or the like.

23.    Generating that digital content without the benefit of the '932 Patent may include performing research and spending countless hours drafting a document. For example, a litigation drafting process may take an excessive amount of time to perform the research and draft a lawsuit and/or answer to a lawsuit, or draft discovery and/or discovery responses. Moreover, the research performed may be inaccurate and/or off target for a particular issue and/or claim. Accordingly, conventional content generation may be inaccurate, time-consuming, inefficient, and resource wasteful.

24.    The Patent-in-Suit introduces a novel context aware feedback loop for the generation of content, such as a legal document, utilizing a computer implemented system and method using, *inter alia*, a large language model.

25.    Specifically, for example and not by way of limitation, the Patent-in-Suit teaches that unstructured data can be used to generate structured content utilizing, *inter alia*, a large language model and a parsing algorithm configured for the unstructured input data. The claimed system and method can be used to generate a document. The

5

document may be created by executing a plurality of functions in parallel to reduce execution time and it may be presented via a user interface of a computing device (e.g., Claims 1 and 19).

26.    In addition, the Patent-in-Suit discloses and claims additional improvements such as generating insights and recommendations for the user (e.g., Claims 2 and 3), and the use of an artificially intelligent virtual chat agent responding to natural language input to generate a response to the user (e.g., Claim 5).  Moreover, the documents generated can specifically include a complaint, answer to a complaint, or discovery responses (e.g., Claims 7, 8, 9, 10, and 15).

## COUNT I
### Patent Infringement (U.S. Patent No. 12,461,932)

27.    Plaintiff re-alleges and incorporates by express reference all other Paragraphs in this Complaint as if fully restated and set forth herein.

28.    The '932 Patent was duly and legally issued by the USPTO on November 4, 2025, naming as inventors Christopher Wycoff and Troy Doucet and was assigned to Plaintiff www.ai.law Corp.  Attached hereto as **Exhibit C** is a true and correct copy of the '932 Patent and is incorporated herein by express reference.

29.    Defendant has infringed and continues to infringe the '932 Patent either literally or under the doctrine of equivalents through the use, sale,  and/or offer for sale of the Eve Legal Accused System, which comprises a system and/or is used to perform a method for transforming data using artificial intelligence to generate content, among other features, that practice the claims of the '932 Patent and/or for inducing and/or contributing to the infringement by its customers and/or users.

30.    Defendant has infringed and continues to infringe one or more claims of the '932 Patent, including at least Claim 1, because it distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Eve Legal Accused System so as to induce and/or contribute to its customers into utilizing or use of the Eve Legal Accused System.

31.    The '932 Patent in Exhibit A at Claim 1 discloses the following: A

6

computer-implemented method comprising:

(a) receiving unstructured input data;

(b) transforming the unstructured input data into structured data, wherein the transforming is performed using a large language model and a parsing algorithm configured for the unstructured input data;

(c) generating, based on the structured data, one or more outputs configured to be processed by an artificial intelligence engine;

(d) generating, using the artificial intelligence engine, a document by converting the one or more outputs from a first format to a second format, wherein generating the document includes executing a plurality of functions in parallel to reduce execution time of a processing device

(e) in response to detecting that generation of the document stopped, executing a context-aware feedback loop using a prompt that detects a reason why the generation of the document stopped;

(f) in response to detecting that the generation of the document stopped due to the generation of the document by the large language model being complete, providing the document to a computing device for presentation on a user interface of the computing device; and

(g) in response to detecting that the generation of the document stopped due to an output constraint of the large language model, re-executing the prompt with a partially-generated document string.

32. The Eve Legal Accused System provides a computer implemented method for producing legal documents, such as complaints and motions.

### (a) Receiving unstructured input data;

33. The Eve Legal Accused System receives input data, such as "templates," that are uploaded to the Eve Legal Accused System.

34. For example, Eve Legal states on its website at https://www.eve.legal/use-

cases/drafting the following:

## Draft complaints, motions, and more — in your voice

Eve's legal AI uses your templates and full case context to get you a working draft that's close to filing-ready.

35.    Eve Legal states on its website that a user should upload essential case documents that AI will use as a reference for drafting a demand letter, which "should include" any relevant communication transcripts, evidence, correspondence, and detailed notes on the client's situation and claims."

36.    Eve Legal states on its website at https://www.eve.legal/blogs/how-to-use-ai-for-draft-demand-letters#:~:text=Begin%20by%20asking%20the%20AI,You%20might%20ask        the following:

## Uploading Comprehensive Documents

To draft an impactful demand letter using AI, start by uploading essential case documents that the AI will use as a reference. This should include any relevant communication transcripts, evidence, correspondence, and detailed notes on the client's situation and claims. Providing the AI with a complete set of focused materials allows it to accurately capture the essence of the case, ensuring that the demand letter it generates is both precise and tailored to the specific legal context of your client's dispute.

## Setting Up AI "Instructions" for a Tailored Experience

While generative AI platforms are performing at an incredible "base" level, and are refined constantly, there are specific actions that legal teams can take to increase the performance of their tools.

We recommend providing your AI clear, concise instructions on how your want to take on key work. This step is akin to briefing a new team member on their role and expectations - setting you both up for success. If your AI platform isn't specifically designed for legal work, it's even more crucial to provide detailed context within your instructions to enhance the quality of the output.

37.    The Eve Legal Accused System does not require uploading files within a matter in any particular order in order to draft a demand letter.

38.    The Eve Legal Accused System does not require uploading documents

8

within a matter in any particular order in order to draft a demand letter.

39.    The Eve Legal Accused System does not require uploading communication transcripts, evidence, correspondence, or detailed notes on the client's situation in any particular order in order to draft a demand letter.

40.    The Eve Legal Accused System does not require uploading files, documents, or data in any particular order to draft any of the documents it claims to draft.

41.    The Eve Legal Accused System does not require uploading client information in any particular order within a matter to draft any of the documents it claims to draft.

42.    The Eve Legal Accused System does not require its users to convert a PDF version of discovery requests into any other format before the Eve Legal Accused System is capable of assisting its users in responding to those requests with the assistance of AI.

43.    For purposes of document drafting through The Eve Legal Accused System Legal, communication transcripts, evidence, correspondence, detailed notes on the client's situation, and documents in which a response will be prepared by AI constitute unstructured input data.

44.    The templates and documents uploaded to the Eve Legal Accused System comprise "unstructured input data" as claimed in paragraph 1(a) of Claim 1.

> **(b) Transforming the unstructured input data into structured data, wherein the transforming is performed using a large language model and a parsing algorithm configured for the unstructured input data;**

45.    As claimed in Claim 1(b) of the '932 Patent, the Eve Legal Accused System transforms unstructured input data (e.g., uploaded documents and/or templates, etc.) into "structured data" using a large language model and a "parsing algorithm" configured for the unstructured data. For purposes of this complaint, the term

"structured "data" means data that is configured to be used by an artificial intelligence engine (e.g., that executes one or more machine learning models, neural networks, Bayesian prediction models, or large language models.). Moreover, the term "parsing algorithm" means computer instructions used to obtain programmatic access to relevant sets of information or "strings.""

46. Eve Legal published or caused to be published the following online at https://www.alignable.com/draper-ut/eve-legal/eve-legal-ai:

### Eve Legal AI

Eve Legal provides attorneys with an AI-powered legal assistant designed specifically for the practice of law. Eve possesses an intricate understanding of legal terminology, case law, and statutes that allows her to tackle complex legal tasks quickly and accurately.

Unlike basic or consumer chatbots, Eve is trained on millions of legal documents and interactions. This deep domain-specific knowledge enables Eve to draft detailed legal briefs, review and create contracts intelligently, conduct advanced legal research, and more.

Eve Legal really shines when it comes to efficiency. She can digest volumes of case files, evidence, and other legal sources, then provide lawyers with concise summaries, next step recommendations, and responses to client inquiries in seconds. This allows attorneys to scale their practice and focus time on higher value tasks.

At the core, Eve Legal is the foremost legal AI assistant because of the sheer breadth and depth of legal skills paired with robust ethical safeguards. The sophistication of the technology paired with ease-of-use makes Eve an invaluable asset for any size law practice.

If you're looking to upgrade your legal technology toolkit, give Eve Legal a try. Eve integrates seamlessly into existing workflows while pushing the boundaries of what's possible in legal services. The efficiency gains allow lawyers to expand their book of business and deliver better results for clients.

47. It is well understood that each large language model ("LLM", such as those offered by Anthropic, OpenAI, Google, Perplexity, and X) has constraints in the amount of text that it can process at any given time.

48. Upon information and belief, the Eve Legal Accused System's parsing algorithm and the LLM operate in combination to transform the unstructured input data into structured data, where the parsing algorithm provides programmatic access to information generated by the LLM.

49. The Eve Legal Accused System sends some or all of the text and/or files for a matter to one or more LLMs for processing.

50. The Eve Legal Accused System uses prompts so that the LLM receiving

information or files for a matter can determine what is relevant for the document that will be drafted.

51.    The Eve Legal Accused System configures one or more large language models to output content in a structured format, including but not limited to JSON (JavaScript Object Notation) objects conforming to a defined schema.

52.    As an AI-native platform designed for plaintiff law firms, the Eve Legal Accused System backend systems leverage JSON (JavaScript Object Notation) to structure, parse, and transfer data.

53.    While everyday lawyers and paralegals generally interact with the Eve Legal Accused System through a conversational chat or "Reasoning Mode" interface, the underlying software exchanges information—such as case details, document properties, and integration workflows—using standard JSON-based APIs.

54.    The Eve Legal Accused System uses an algorithm to parse the files that its users upload and causes an LLM to convert those files into structured data ("parsing algorithm").

55.    The Eve Legal Accused System's parsing algorithm operates on output produced by the LLM to yield structured data accessible to subsequent processing steps.

56.    Defendant utilizes LLMs and its own network, processing instructions, and user interface, which includes a set of computer instructions that obtain programmatic access to relevant information including the unstructured input data.

57.    The Eve Legal Accused System breaks up large files into smaller parts ("chunks") in order for one or more LLMs to process one or more files that would otherwise be too large to process at one time.

58.    Upon information and belief, Defendant, at least in part, coded the process in which the Eve Legal Accused System chunks and parses its user's uploaded files.

59.    The Eve Legal Accused System utilizes an algorithm on the unstructured input data that prepares it for transformation into structured data by an LLM.

60.    The Eve Legal Accused System yields structured and deserialized data

objects which are used by the Eve Legal Accused System as inputs to subsequent processing steps, including the generation of legal documents.

61.    The Eve Legal Accused System utilizes intelligent ingestion and advanced processing to manage text, documents, and communications such that it handles unstructured data, transforming it into actionable information.

62.    The Eve Legal Accused System transforms unstructured documents into structured and actionable data using large language models and parsing algorithms.

63.    The Eve Legal Accused System does not rely solely on the large language model to produce structured data but pairs the large language model with deterministic computer instructions that interpret, validate, and deserialize the large language model's output.

### (c) generating, based on the structured data, one or more outputs configured to be processed by an artificial intelligence engine;

64.    As claimed in Claim 1(c) of the '932 Patent, the Eve Legal Accused System generates one or more outputs to be processed by the artificial intelligence engine of, for example, Claude Opus 4.5.  For purposes of this complaint an "artificial intelligence engine" is the computational core of an AI system that is responsible for processing data, executing algorithms, and generate actionably outputs.  It includes one or more large language models, computer instructions executing on one or more processing devices, and supporting infrastructure that together process the structured outputs to generate legal documents. In addition, the term "one or more outputs" is outputs of structured data that are to be processed by the artificial intelligence engine.

65.    The Eve Legal Accused System generates numerous outputs across its system to be processed by an artificial intelligence engine.

66.    Eve Legal advertises the following online with respect to medical chronologies and patient records (https://www.eve.legal/use-cases/medical-overview)



## Upload case documents

Eve will extract key dates, events, and notes.

67.    In addition, the Eve Legal Accused System utilizes a process that generates any of the following data from uploaded files or text:

(a) claim(s): the specific legal claim being addressed in the complaint,

(b) jurisdiction: the legal jurisdiction (e.g., state or federal court) where the case is being filed,

(c) client: information about the client(s) bringing the lawsuit,

(d) relief: the desired outcome or remedy the client is seeking from the lawsuit,

(e) issue description: a detailed description of the facts, events, and circumstances relevant to the case,

(f) sympathetic facts: facts that portray the client in a favorable light or highlight their vulnerability,

(g) contentious issues: aspects of the case likely to be disputed or challenged by the opposing party,

(h) misgivings: information about the opposing party that suggests misconduct or bad faith,

(i) special instructions: any specific guidelines or requirements for drafting the complaint,

13

(j) general allegations: broad factual statements that apply to multiple claims in the complaint,

(k) JSON: one or more JSON objects.

68.    The structured outputs generated by the Eve Legal Accused System, including the fields identified above, are configured to be processed by an artificial intelligence engine for the purpose of generating legal documents responsive to the user's input.

69.    The outputs generated by the Accused System include data extracted from documents uploaded by customers are processed by an LLM, such as Claude.

70.    The Eve Legal Accused System uses this intermediate structured-output stage to feed its downstream document generation stage.

> **(d) generating, using the artificial intelligence engine, a document by converting the one or more outputs from a first format to a second format, wherein generating the document includes executing a plurality of functions in parallel to reduce execution time of a processing device**

71.    As claimed in Claim 1(d) of the '932 Patent, the Eve Legal Accused System uses an artificial intelligence engine to generate legal documents by converting one or more outputs from a first format to a second format, wherein the generation includes executing a plurality of functions in parallel.

72.    For example, when a user uploads a set of interrogatories in PDF format, the Eve Legal Accused System (i) extracts and parses the document into individual requests, (ii) provides those individual requests as structured outputs to one or more large language models, (iii) issues concurrent large language model invocations to generate responses to each individual request, and (iv) assembles the resulting responses into a single legal document containing each request paired with its corresponding response.

73.    The Eve Legal Accused System performs analogous parallel-execution

document generation for additional document types, including but not limited to medical chronologies (where individual records or events are processed concurrently), deposition summaries (where individual testimony segments are processed concurrently), and complaints (where individual claims or sections are processed concurrently).

74.    The first format from which the Eve Legal Accused System converts the outputs includes structured data items such as parsed individual requests, extracted record entries, or other discrete units of information generated by the Eve Legal Accused System's parsing algorithm; the second format includes the assembled legal document delivered to the user.

75.    Sequential processing of individual requests, records, or sections by a large language model would result in document generation times that are commercially impractical for the volume of content the Eve Legal Accused System processes, and the Eve Legal Accused System therefore executes generation functions concurrently to achieve the response times advertised to its users.

76.    The Eve Legal Accused System's parallel processing of document generation functions reduces the total execution time required to generate a legal document compared to sequential processing of the same functions and is necessary to deliver legal documents within commercially reasonable response times.

77.    After the artificial intelligence engine generates the document content, the Eve Legal Accused System makes the document content available to the user through an editor interface and supports export of the document content to formats including .docx, which export does not require additional artificial intelligence processing and is performed by deterministic file-format conversion routines.

> **(e) in response to detecting that generation of the document stopped, executing a context-aware feedback loop using a prompt that detects a reason why the generation of the document stopped;**

78. Eve Legal Accused System utilizes Anthropic's LLMs for much of its AI processing work.

79. Anthropic's coding documentation includes a section called "Handling stop reasons" at https://platform.claude.com/docs/en/build-with-claude/handling-stop-reasons as it is so common that Anthropic returns stop reasons with its API responses.



Stop reason values
## Handling stop reasons

Copy page

When you make a request to the Messages API, Claude's response includes a `stop_reason` field that indicates why the model stopped generating its response. Understanding these values is crucial for building robust applications that handle different response types appropriately.

For details about `stop_reason` in the API response, see the Messages API reference.

### The stop_reason field

The `stop_reason` field is part of every successful Messages API response. Unlike errors, which indicate failures in processing your request, `stop_reason` tells you why Claude successfully completed its response generation.

80. Legal documents generated by the Eve Legal Accused System, including complaints, discovery responses, and medical chronologies, regularly exceed the maximum output token limits of any single large language model invocation.

81. In order to deliver complete legal documents to its users, the Eve Legal Accused System must detect when a large language model has stopped generation due to such output limits and continue generation through subsequent invocations until the complete document is produced.

82. Without such stop-reason-aware continuation, the Eve Legal Accused System could not deliver the complete, multi-page legal documents it advertises and delivers to users.

83. Eve Legal Accused System receives stop reason values from one or more large language models, including through Anthropic's LLMs, with each response generated as part of the document generation process.

84. The Eve Legal Accused System includes computer instructions that read the stop reason value returned by the large language model and execute different processing paths depending on the value of that field.

85. The Eve Legal Accused System's handling of stop reasons is necessary to its operation because, without such handling, the Eve Legal Accused System could not reliably generate complete legal documents that exceed the output length limits of any single large language model invocation.

86. The Eve Legal Accused System's stop-reason detection is distinct from generic error handling.

87. The Eve Legal Accused System receives a successful response from the large language model in both the completed and length-constrained cases and must inspect the stop reason field to determine which case applies.

88. Defendant maintains API call logs showing the pattern it uses for prompting, responses, stop reasons, and then follow-up prompts that include context for the follow up call.

89. The Eve Legal Accused System's context-aware feedback loop includes the construction of prompts to one or more large language models, the receipt of responses from those large language models, and the inspection of the stop reason field or equivalent indicator returned with each response, such that the feedback loop detects the reason why generation of the document stopped at each iteration.

90. As claimed in Claim 1(e) of the '932 Patent, the Eve Legal Accused System, in response to detecting that generation of the document stopped, executes a context-aware feedback loop using a prompt that detects a reason why generation of the document stopped.

**(f) in response to detecting that the generation of the document stopped due to the generation of the document by the large language model being complete, providing the document to a computing device for presentation on a user interface of the computing device; and**

91.    As claimed in Claim 1(f) of the '932 Patent, in response to detecting that the generation of the document stopped due to the generation of the document by the large language model being complete, the Eve Legal Accused System "provides the document to a computing device for presentation" on a user interface of the computing device. Notably, the claim elements do not require actual display on a user device, only that Defendant provide it to the user's device interface.

92.    When the Eve Legal Accused System receives a successful completion indication from the large language model, including, for example, a stop reason value of end turn from an Anthropic LLM, the Eve Legal Accused System transmits the completed document, or a representation thereof, to the user's computing device for presentation in the Eve Legal Accused System's user interface.

93.    The Eve Legal Accused System presents the completed document to users through a web-based or application-based user interface accessed via the user's computing device, including but not limited to laptops, desktops, tablets, and smartphones.

94.    Defendant directs and controls the performance of this step by conditioning the use of the Eve Legal Accused System on the user's receipt and presentation of generated documents through the user's computing device, such that the user's performance of this step is attributable to Defendant under controlling Federal Circuit law.

95.    In the alternative, Defendant induces infringement under 35 U.S.C. § 271(b) by instructing, directing, and encouraging its users to perform the step of receiving and presenting generated documents on their computing devices, with

knowledge of the '932 Patent and the specific intent to cause infringement.

**(g) in response to detecting that the generation of the document stopped due to an output constraint of the large language model, re-executing the prompt with a partially-generated document string.**

96.     As claimed in Claim 1(g) of the '932 Patent, the Eve Legal Accused System, in response to detecting that the generation of the document stopped due to an output constraint of the large language model, re-executes the prompt with a partially generated document string.

97.     Large language models used by the Eve Legal Accused System, including Anthropic's Claude, return defined stop reasons indicating why generation of a response stopped. These documented stop reasons include max tokens, which indicate that generation stopped because the response reached the maximum allowable output length specified in the request, and stop sequence, which indicates that generation stopped because the response contained a custom stop sequence specified by the application.

98.     Both max tokens and stop sequence constitute output constraints of the large language model within the meaning of Claim 1(g). The max tokens stop reason and its handling are documented by Anthropic, the developer of Claude, in part as follows:

**Incomplete tool use blocks**

If Claude's response is cut off due to hitting the `max_tokens` limit, and the truncated response contains an incomplete tool use block, you'll need to retry the request with a higher `max_tokens` value to get the full tool use.

# max_tokens

Claude stopped because it reached the `max_tokens` limit specified in your request.

```python
Python

# Request with limited tokens
response = client.messages.create(
    model="claude-opus-4-7",
    max_tokens=10,
    messages=[{"role": "user", "content": "Explain quantum physics"}],
)

if response.stop_reason == "max_tokens":
    # Response was truncated
    print("Response was cut off at token limit")
    # Consider making another request to continue
```

99.    When the Eve Legal Accused System receives a stop reason of max tokens from a large language model, the Eve Legal Accused System constructs a subsequent prompt that includes (i) the original system message, (ii) the original user message, and (iii) the partially-generated document content received in the prior response, and submits that subsequent prompt to the large language model to continue generation of the document.

100.   This pattern of detecting a max tokens stop reason and re-executing the prompt with the partially-generated document content is the expected approach for handling output-length-constrained responses from large language models, including as documented by Anthropic, as the only commercially viable approach for generating legal documents that exceed the maximum output length of a single large language model invocation.

101. Additionally, the Eve Legal Accused System utilizes custom stop sequences in its prompts to large language models in order to deliberately segment the generation of legal documents into multiple invocations and ensure accurate and complete document creation.

102. The Eve Legal Accused System receives a stop sequence stop reason and then re-executes prompts that include the partially generated document content to continue generation.

103. The use of custom stop sequences is a deliberate architectural choice by the Eve Legal Accused System to manage document generation across multiple large language model invocations.

104. The stop_sequence stop reason and its handling are documented by Anthropic as follows:

## stop_sequence

Claude encountered one of your custom stop sequences.

```Python
response = client.messages.create(
    model="claude-opus-4-7",
    max_tokens=1024,
    stop_sequences=["END", "STOP"],
    messages=[{"role": "user", "content": "Generate text until you say END"}],
)

if response.stop_reason == "stop_sequence":
    print(f"Stopped at sequence: {response.stop_sequence}")
```

105. The Eve Legal Accused System's re-execution of prompts following an output-constraint stop reason includes the prior partially-generated document content as part of the message history submitted to the large language model, such that the large language model receives the partially-generated document string and continues generation from where the prior invocation stopped.

106.   The Eve Legal Accused System cannot deliver complete, multi-page legal documents to its users without re-executing prompts that include partially-generated document content to continue generation past the output constraints of individual large language model invocations.

107.   The Eve Legal Accused System's re-execution of prompts with partially-generated document strings is therefore necessary to the Eve Legal Accused System's commercial operation and is regularly performed during the generation of the Eve Legal Accused System's standard document products.

108.   In sum, Plaintiff is informed and believes that all steps of the claimed method are performed by Defendant through the Eve Legal Accused System.

**ADDITIONAL INFRINGEMENT**

109.   In addition to direct infringement of independent Claim 1, the Eve Legal Accused System infringes additional independent claims and numerous dependent claims of the '932 Patent, as set forth below.

**Infringement of Independent Claim 19**

110.   Independent Claim 19 of the '932 Patent recites a tangible, non-transitory computer-readable medium storing instructions that, when executed, cause one or more processing devices to perform the same method steps recited in Claim 1, including the stop-reason detection and re-execution logic.

111.   The Eve Legal Accused System includes one or more non-transitory computer-readable media storing the instructions that perform each of the method steps described in paragraphs above.

112.   The Eve Legal Accused System's source code, executable binaries, and configuration files are stored on non-transitory media including server hard drives, cloud storage volumes, and similar storage infrastructure operated by Defendant or by cloud computing service providers under Defendant's direction and control.

**Infringement of Independent System Claim 20**

113.   Independent Claim 20 of the '932 Patent recites a computer-implemented

22

system comprising one or more memory devices storing instructions and one or more hardware processing devices communicatively coupled to the memory devices, where the hardware processing devices execute the instructions to perform the same method steps recited in Claim 1.

114. The Eve Legal Accused System operates on cloud-based computing infrastructure that includes memory devices storing instructions and hardware processing devices that execute those instructions.

115. The Eve Legal Accused System's infrastructure includes servers, storage volumes, and computing resources operated by Defendant or by cloud computing service providers, including but not limited to Amazon Web Services, Google Cloud Platform, or Microsoft Azure, under Defendant's direction and control.

116. The hardware processing devices of the Eve Legal Accused System execute instructions that perform each step recited in Claim 20, including: (i) receiving unstructured input data uploaded by users through Defendant's web-based interface at www.eve.legal; (ii) transforming that unstructured input data into structured data using one or more large language models, including Claude, and a parsing algorithm as described above; (iii) generating structured outputs configured for processing by an artificial intelligence engine; (iv) generating legal documents by converting outputs from a first format to a second format through parallel function execution; (v) detecting reasons why document generation stopped through inspection of stop reason values returned by the large language model; (vi) providing completed documents to user computing devices when generation completed naturally; and (vii) re-executing prompts with partially-generated document strings when generation stopped due to output constraints.

### Infringement of Dependent Claim 2 (Generating Insights)

117. Claim 2 of the '932 Patent recites the method of Claim 1, further comprising generating, based on the one or more outputs and using the artificial intelligence engine, one or more insights.

118.   The Eve Legal Accused System generates insights as part of its medical chronology and case overview features.

119.   As advertised at https://www.eve.legal/use-cases/medical-overview, the Eve Legal Accused System generates insights including primary injury identification, treatment effectiveness, recovery trajectory, preexisting conditions, and arguments favoring the plaintiff or defendant.

120.   These insights constitute insights generated based on the structured outputs and using the artificial intelligence engine within the meaning of Claim 2.

**Infringement of Dependent Claim 3 (Generating Recommendations)**

121.   Claim 3 of the '932 Patent recites the method of Claim 1, further comprising generating, based on the one or more outputs and using the artificial intelligence engine, one or more recommendations.

122.   The Eve Legal Accused System generates recommendations as part of its drafting and case analysis features, including by suggesting available causes of action, recommending defenses based on case facts, and suggesting discovery objections.

123.   These recommendations constitute recommendations generated based on the structured outputs and using the artificial intelligence engine within the meaning of Claim 3.

**Infringement of Dependent Claim 4 (Deep Search with Feedback Loop)**

124.   Claim 4 of the '932 Patent recites the method of Claim 1, further comprising receiving a query at the artificial intelligence engine, retrieving information related to the query using a search algorithm that identifies every occurrence related to the query, executing a feedback loop to manage redundant occurrences and build a result set, integrating the result set into a trained large language model, generating a response to the query using the large language model, and causing the response to be displayed on a user interface.

125.   The Eve Legal Accused System performs deep search across uploaded document corpora to surface every relevant instance of information responsive to a user

query, including in connection with its medical chronology and deposition summary features, where comprehensive identification of relevant content across large document sets is necessary to the advertised functionality, following the process of (i) receive query, (ii) search that identifies every occurrence related to the query, (iii) execute a feedback loop to manage redundancy and build a result set, (iv) integrate the result set into a trained LLM, (v) generate a response, (vi) and display.

### **Infringement of Dependent Claim 5 (AI Virtual Chat Agent)**

126.    Claim 5 of the '932 Patent recites the method of Claim 1, further comprising receiving a natural language input comprising a question or statement at an artificially intelligent virtual chat agent, generating a response based on the natural language input using the artificially intelligent virtual chat agent, and outputting the response via a user interface.

127.    The Eve Legal Accused System includes an artificially intelligent virtual chat agent that receives natural language input from users, generates responses using one or more large language models, and outputs the responses via the Eve Legal user interface, as advertised on Defendant's website.

### **Infringement of Dependent Claim 6 (Jurisdiction and Element Identification for Claims)**

128.    Claim 6 of the '932 Patent recites that the unstructured input data comprises case details including party names, facts, claims, or some combination thereof, and that the artificial intelligence engine generates the document by: (i) identifying a jurisdiction of a user making the claims; (ii) identifying one or more elements of each of the claims from the jurisdiction; and (iii) generating, based on the facts, factual allegations for the one or more elements of each of the claims to plead each claim.

129.    The Eve Legal Accused System receives unstructured input data from users that comprises case details including party names, facts, and claims, as advertised at https://www.eve.legal/use-cases/drafting where Defendant instructs users to upload

case-specific facts and identify the claims at issue.

130.   The Eve Legal Accused System, when generating a legal complaint, identifies the jurisdiction in which the user intends to file suit.

131.   The complaints generated by the Eve Legal Accused System are formatted with court captions reciting a specific court and jurisdiction, which formatting requires the Eve Legal Accused System to identify the jurisdiction of the user making the claims.

132.   The Eve Legal Accused System, on information and belief, identifies the elements of each cause of action under the law of the identified jurisdiction.

133.   Causes of action under United States law have jurisdiction-specific elements (for example, the elements of negligence, fraud, breach of contract, and statutory claims vary materially by state and by federal versus state court), and the Eve Legal Accused System could not generate complaints that survive a motion to dismiss for failure to state a claim, as Defendant advertises its system is capable of producing, without identifying the elements of each cause of action under the applicable jurisdiction's law.

134.   The Eve Legal Accused System generates factual allegations for each element of each cause of action by mapping the user-provided facts to the identified elements and producing pled allegations that, if taken as true, state a claim upon which relief can be granted under the applicable jurisdiction's law.

135.   The Eve Legal Accused System therefore practices each limitation of Claim 6 of the '932 Patent.

**Infringement of Dependent Claim 7 (Lawsuit with Specific Structural Elements)**

136.   Claim 7 of the '932 Patent recites that the document comprises a lawsuit and that the second format comprises: (i) a court and party heading; (ii) a name of the document; (iii) a jury demand; (iv) an introductory statement comprising an innocence of the user, a wrongdoing of a defendant, a notice to the defendant that injury would occur, an example of the defendant's repetitive wrongdoing, or some combination thereof; (v) a general allegation section presented in chronological order outlining a

story of a user; (vi) one or more claims or causes of action each presented under its own heading that presents respective facts for each element of the one or more claims; (vii) an integration clause at a beginning of each of the one or more claims; (viii) a demand section preformatted and customized to the user's facts; and (ix) a closing jury demand and signature section for the user and the user's counsel, or some combination thereof.

137.   The Eve Legal Accused System generates lawsuit complaints that include each of the structural elements recited in Claim 7, as follows.

138.   The complaints generated by the Eve Legal Accused System include a court and party heading identifying the court in which the action will be filed and the parties to the action.

139.   The complaints generated by the Eve Legal Accused System include a name of the document (e.g., "Complaint, "Plaintiff's Original Complaint," or similar designation) identifying the nature of the pleading.

140.   The complaints generated by the Eve Legal Accused System include a jury demand where the user has indicated a right to trial by jury.

141.   The complaints generated by the Eve Legal Accused System include an introductory statement that, on information and belief, comprises one or more of: an assertion of the plaintiff's lack of fault, an assertion of the defendant's wrongdoing, a notice to the defendant of foreseeable injury, or examples of the defendant's repetitive wrongdoing, in accordance with conventional plaintiff's-side complaint drafting practice.

142.   The complaints generated by the Eve Legal Accused System include a general allegation section presented in chronological order that recites the factual narrative of the user's claims. Eve Legal advertises that it generates complaints that "tell the client's story" in chronological narrative form, which directly maps to the chronological-order limitation of Claim 7.

143.   The complaints generated by the Eve Legal Accused System present each cause of action under its own heading that recites the specific facts mapped to each

element of that cause of action, as advertised at https://www.eve.legal/use-cases/drafting.

144.   The complaints generated by the Eve Legal Accused System include, on information and belief, an integration clause at the beginning of each cause of action that incorporates the preceding paragraphs by reference (consistent with the universal practice of incorporating prior allegations into each numbered count of a federal complaint).

145.   The complaints generated by the Eve Legal Accused System include a demand section that recites the specific relief requested based on the user's facts, including damages, injunctive relief, attorneys' fees, and other remedies as appropriate to the causes of action pled.

146.   The complaints generated by the Eve Legal Accused System include a closing jury demand and a signature section for the user and the user's counsel.

147.   The Eve Legal Accused System therefore practices each limitation of Claim 7 of the '932 Patent.

**Infringement of Dependent Claims 8 and 9 (Lawsuit Answers)**

148.   Claim 8 of the '932 Patent recites that the document comprises an answer to a lawsuit, where the artificial intelligence engine parses each paragraph of allegations into separate parts, responds to each part, and identifies defensive doctrines from facts to include as defenses.

149.   Claim 9 specifies the structural elements of an answer, including the court and party heading, document name, jury demand, introductory statement, responses to each allegation, defenses and affirmative defenses, integration clause, demand section, signature section, and certificate of service.

150.   The Eve Legal Accused System generates lawsuit answers that perform paragraph-by-paragraph response to allegations and include each of the structural elements recited in Claim 9.

**Infringement of Dependent Claims 10 and 11 (Discovery Responses)**

151.    Claim 10 of the '932 Patent recites that the document comprises a discovery response generated based on one or more discovery requests, with the second format including legal objections and responses based on case facts, and where the artificial intelligence engine restates each discovery request, provides applicable objections, and responds factually to each request.

152.    Claim 11 further recites presenting the discovery response in a user interface that enables editing the response in real-time or near real-time.

153.    The Eve Legal Accused System generates discovery responses that include restated requests, objections, and factual responses, and presents those responses in an editable user interface, as advertised on Defendant's website.

154.    The interrogatories response workflow described above embodies the method of Claims 10 and 11.

**Infringement of Dependent Claim 12 (Contract Generation)**

155.    Claim 12 of the '932 Patent recites that the document comprises a contract and that the method further comprises: (i) executing an artificially intelligent virtual chat agent to receive information pertaining to the contract to be generated, wherein the information comprises parties to the contract, jurisdiction of the contract, substantive terms of the contract, suggestions on specific terms and/or provisions that are common for a type of the contract, or some combination thereof; (ii) generating, using the artificial intelligence engine, the contract based on the information; and (iii) providing the contract to the computing device for presentation on the user interface of the computing device.

156.    The Eve Legal Accused System drafts contracts, including settlement agreements, as part of its advertised document drafting functionality. Settlement agreements are contracts between the settling parties that resolve the underlying dispute through mutual obligations, releases, and consideration, and are governed by ordinary principles of contract law in the relevant jurisdiction.

157.    The Eve Legal Accused System executes an artificially intelligent virtual

chat agent that receives, from the user, information pertaining to the settlement agreement to be generated.

158. On information and belief, that information includes the parties to the settlement agreement, the jurisdiction whose law governs the agreement, the substantive terms of the agreement (including settlement amount, payment terms, scope of release, confidentiality, and non-disparagement), and suggestions on specific terms and provisions that are common for settlement agreements (such as mutual general releases, no-admission-of-liability clauses, and dispute-resolution provisions).

159. The Eve Legal Accused System generates, using the artificial intelligence engine, a settlement agreement based on the information received from the user.

160. The Eve Legal Accused System provides the generated settlement agreement to the user's computing device for presentation on the user interface of the computing device, where the user can review, edit, and export the agreement.

161. The Eve Legal Accused System therefore practices each limitation of Claim 12 of the '932 Patent.

**Infringement of Dependent Claim 13 (Medical Record Summary)**

162. Claim 13 of the '932 Patent recites that the document comprises a summary of a medical record, that the unstructured input data comprises one or more medical files, doctor records, hospital invoices, a police report, or some combination thereof, and that the method further comprises generating, using the artificial intelligence engine, one or more lists of costs and providers by parsing the unstructured input data into one or more parts and reading line by line in order to extract data associated with the one or more lists of costs and providers, wherein the second format comprises: (i) a primary injury; (ii) one or more potential causes of the primary injury; (iii) a physical impact to a plaintiff; (iv) a psychological impact to the plaintiff; (v) a recovery timeframe for the plaintiff; (vi) one or more medical treatments and their effectiveness; (vii) one or more ways the primary injury impacts a quality of life of the plaintiff; (viii) one or more medically significant events; (ix) a summary of opinions or

prognostic information; (x) a recovery trajectory or permanent limitation of the plaintiff; (xi) a preexisting condition or distinct injury of the plaintiff; (xii) itemized costs comprising location and provider, specific item, cost per item, and a total cost per location; (xiii) a medical providers list; (xiv) one or more potentially missing documents; (xv) one or more arguments for the plaintiff; (xvi) one or more arguments for a defendant; or (xvii) some combination thereof.

163. The Eve Legal Accused System receives, as unstructured input data, medical files, doctor records, and hospital invoices uploaded by users in connection with personal injury and similar matters, as advertised at https://www.eve.legal/use-cases/medical-overview.

164. The Eve Legal Accused System generates lists of costs and providers from the uploaded medical records by parsing those records and extracting itemized billing data, as advertised in connection with Defendant's medical chronology functionality.

165. The medical chronologies and medical record summaries generated by the Eve Legal Accused System include, on information and belief, each of the following elements recited in Claim 13: identification of the primary injury sustained by the plaintiff; identification of one or more potential causes of the primary injury; description of the physical impact of the injury on the plaintiff; description of the psychological impact of the injury on the plaintiff; estimated recovery timeframe; description of the medical treatments received and their effectiveness; description of how the injury impacts the plaintiff's quality of life; identification of medically significant events in the plaintiff's treatment history; summary of physician opinions and prognostic information; description of the plaintiff's recovery trajectory or permanent limitations; identification of preexisting conditions or distinct injuries; itemized costs broken down by location, provider, specific item, cost per item, and total cost per location; a list of medical providers; identification of potentially missing documents in the medical record; arguments favoring the plaintiff; and arguments favoring the defendant.

166. Defendant advertises each of these elements in connection with its medical

chronology and medical overview features at https://www.eve.legal/use-cases/medical-overview.

167.    The Eve Legal Accused System therefore practices each limitation of Claim 13 of the '932 Patent.

**<u>Infringement of Dependent Claim 14 (Transcript Summary)</u>**

168.    Claim 14 of the '932 Patent recites that the document comprises a summary of a transcript, that the unstructured input data comprises a court or deposition transcript, and that the method further comprises analyzing the unstructured input data and extracting and summarizing key information, wherein the second format comprises: (i) an executive summary; (ii) one or more key takeaways from a deposition; (iii) a witness reliability analysis; (iv) a deponent background; (v) deponent preparation; (vi) testimony relevant to case claims element by element with witness statements with citations to a page and paragraph added under each element; (vii) testimony relevant to the defense with witness statements with citations to a page and paragraph added under each relevant defense; (viii) testimony with inconsistent statement; (ix) ideas for production requests; (x) ideas for further investigation; or (xi) some combination thereof.

169.    The Eve Legal Accused System receives court and deposition transcripts as unstructured input data and generates summaries of those transcripts, as advertised on Defendant's website in connection with its deposition summary functionality.

170.    The transcript summaries generated by the Eve Legal Accused System include, on information and belief, each of the following elements recited in Claim 14: an executive summary of the transcript; one or more key takeaways from the deposition; an analysis of the witness's reliability based on the testimony; background information regarding the deponent; an assessment of the deponent's preparation for the deposition; testimony relevant to the elements of each cause of action, organized element by element, with citations to the page and paragraph of the transcript supporting each excerpt; testimony relevant to each defense, organized by defense, with citations to the

page and paragraph of the transcript supporting each excerpt; identification of inconsistent statements made by the deponent; suggested production requests based on documents referenced in the testimony; and suggested areas for further investigation based on the testimony.

171. The Eve Legal Accused System could not produce the comprehensive transcript analysis it advertises without generating each of the foregoing elements.

172. The Eve Legal Accused System therefore practices each limitation of Claim 14 of the '932 Patent.

### Infringement of Dependent Claim 15 (Catch-All Document Types)

173. Claim 15 of the '932 Patent recites that the document comprises a legal complaint, a legal answer, a discovery response, a summary of a transcript, a summary of a medical record, or some combination thereof.

174. On information and belief, the Eve Legal Accused System generates each of these document types and Claim 15 is therefore infringed for each generation of any such document.

### Infringement of Dependent Claim 17 (Legal Document).

175. Claim 17 of the '932 Patent recites that the document is a legal document. The documents generated by the Eve Legal Accused System are legal documents, including complaints, answers, discovery responses, demand letters, medical chronologies, and deposition summaries.

### Infringement of Dependent Claim 18 (Template-Based Generation)

176. Claim 18 of the '932 Patent recites the method of Claim 1, further comprising receiving a second document and generating, via the artificial intelligence engine using the second document as a template, a third document that includes one or more facts from a new matter.

177. The Eve Legal Accused System receives template documents from users and generates new documents based on those templates that incorporate facts from new matters, as advertised at https://www.eve.legal/use-cases/drafting where Defendant

instructs users to upload templates and case-specific facts that the Eve Legal Accused System combines to produce new legal documents.

178.   In sum, on information and belief, the Eve Legal Accused System practices each and every limitation of independent Claims 1, 19, and 20, and dependent Claims 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, and 18 of the '932 Patent, either literally or under the doctrine of equivalents.

### Additional Allegations

179.   In addition to the foregoing acts of direct infringement, Defendant has intentionally induced and continues to induce infringement of the '932 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused others to use the Accused System in an infringing manner.

180.   Defendant has had knowledge of Plaintiff and its '932 Patent at least since on or about May 18, 2026, when Plaintiff notified Defendant of the '932 Patent and Plaintiff's belief Defendant was infringing such patent, or June 1, 2026, when Plaintiff sent follow up correspondence to Defendant.

181.   Attached hereto as Exhibit B is a true and correct copy of the refenced correspondence.

182.   Moreover, Defendant has had knowledge of Plaintiff and the '932 Patent since at least the filing of this Complaint.[1]

183.   Despite knowledge of the '932 Patent, Defendant has continued to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '932 Patent claims.  Such information and

---

[1] See *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012); see also *Soteria Encryption, LLC v. Lenovo United States, Inc.*, Case No. CV 16-7958-GW(JPRx), 2017 WL 3449058, *2 (C.D. Cal. Feb. 27, 2017) ("courts have held that post-suit knowledge is sufficient to sustain a finding that defendant had the requisite knowledge to support claims for induced infringement.); *Labyrinth Optical Technologies, LLC v. Fujitsu America, Inc.*, Case No. SACV 13-0030 AG (MLGx), 2013 WL 12126111 (C.D. Cal. Aug. 201, 2013) ("The Federal Circuit therefore held that knowledge of the asserted patent from a complaint in the same case is sufficient to meet the knowledge requirement of indirect infringement.").

belief is based, in part, on instructions provided with the Eve Legal Accused System and/or on Defendant's website.

184.    The provision of and sale of the Eve Legal Accused System provides Defendant with a source of revenue and business focus.

185.    Defendant has specifically instructed and intended its customers to use the Eve Legal Accused System in such a way that infringes the '932 Patent.

186.    Defendant knew that its actions, including but not limited to, making the Eve Legal Accused System available for sale, would induce, have induced, cause, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Eve Legal Accused System.

187.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

188.    Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of each of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

189.    Defendant's infringement of Plaintiff's rights under the '932 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

1.    Plaintiff demands a trial by jury on all issues.

WHEREFORE Plaintiff www.ai.law Corp. prays upon this Court for the following relief:

    A.    That summons issue and Defendant be served according to law;

    B.    That Plaintiff recovers from Defendant all past and future damages caused by its patent infringement;

    C.    Grant judgment in favor of Plaintiff on all claims and for the remedies sought in each claim;

35

D.      Grant Plaintiff the maximum economic, non-economic, actual, statutory, emotional, general, punitive, and other damages available;

E.      An adjudication that one or more claims of the Patent-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by Defendant, including by Defendant's making, use, sale, offer for sale, and importation of the Eve Legal Accused System;

F.      An adjudication that Defendant has induced infringement of one or more claims of the Patent-in-Suit;

G.      An adjudication that Defendant's acts of infringement were willful within the meaning of 35 U.S.C. §284 with enhanced damages in an amount up to three times the damages assessed;

H.      An award of damages to be paid by the Defendant adequate to compensate Plaintiff for Defendant's past infringement (at least since the filing of the Complaint and to the full extent permitted by law) and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

I.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patent-in-Suit;

J.      That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

K.      Any further relief that this Court deems just and proper.

This 17th day of June, 2026.

**INSIGHT, PLC**

By: /s/ Steven W. Ritcheson
    Steven W. Ritcheson

*Attorney for Plaintiff*